UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GRAYSTAR MORTGAGE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 19-12129 and<br>NO. 19-12370 |
| GREGORY SWAFFORD, ET AL. | SECTION "A" (1) |

### ORDER AND REASONS

The following three motions are before the Court: a **Motion to Remand to State Court** (Rec. Doc 6) filed by Graystar Mortgage, LLC; a **Motion to Vacate the Premises** (Rec. Doc 16) filed by JB 430 Holdings; and a **Motion for a New Trial** (Rec. Doc 24) filed by the Swafford Family Trust. Defendants Gregory Swafford and the Swafford Family Trust oppose both of the Plaintiffs' motions. (Rec. Doc 22, Defendants' Opposition to Motion to Remand); (Rec. Doc 23, Defendants' Opposition to Motion to Vacate). The Plaintiffs' motions were both submitted for consideration on October 2, 2019 and are now before the Court on the briefs without oral argument. Lastly, the Defendants' motion for new trial is set for consideration for October 30, 2019, on the briefs without oral argument.

### I. BACKGROUND

This case involves a piece of property that Gregory Swafford currently uses as his primary residence which is located at 4734 Franklin Avenue, New Orleans, Louisiana. (Rec. Doc 1, p. 1, Swafford's Notice of Removal). The Plaintiff Graystar Mortgage, LLC ("Graystar") initiated this lawsuit in state court on May 22, 2018 by suing the Defendants Gregory Swafford and the Swafford Family Trust (collectively referred to as "Swafford") for defaulting on their promissory note. (Rec. Doc 6-1, p. 2, Graystar's Motion to Remand). Graystar subsequently obtained an order of seizure and sale from state court, but this judgment did not become

executory until May 14, 2019 when the Louisiana Fourth Circuit Court of Appeal issued an order converting the case's pending suspensive appeal into a devolutive appeal. *Id.*

On July 25, 2019, the property was sold at a sheriff's sale to the highest bidder, Max Perret (doing business as "JB 430 Holdings"). (Rec. Doc 6, p. 3, Graystar's Motion to Remand). Later that same afternoon, Perret and an unidentified companion arrived at the property armed with a pistol and wearing a bullet-proof vest. (Rec. Doc 1, p. 2, Swafford's Notice of Removal). When Swafford opened the door, Perret told him that, "we are here to take possession, we just bought the house and the locksmith is on the way to change the locks [. . .] we do all this time, so you may as well go[.]" *Id.* at 3. However, Swafford refused to vacate the premises. *Id.* Four days later, Perret and his unidentified companion returned to the property while Swafford was not home, but this time they called the New Orleans Police Department to help them effectuate the eviction. *Id.* at 4. When Swafford drove up to the home, he saw that the house was surrounded by multiple police officers. *Id.* at 5. As soon as he approached the property, the police told him to "sit on the front steps" and "not to move." *Id.* The police eventually left the scene after they determined that the matter "was civil in nature." *Id.* However, Swafford claims that during the incident the house's "back door [was] smashed in to allow entry and that his upstairs quarters had been rummaged and illegally searched." *Id.* at 7.

Due to his unsuccessful attempts to evict Swafford, Perret subsequently sought and obtained a judgment of eviction against Swafford from First City Court for the City of New Orleans on August 12, 2019. (Civil Action 19-12370, Rec. Doc 1-1, p. 1-3, State Court Proceedings).

This City Court ruling then prompted Swafford to make numerous filings to preserve his rights in the property. On July 26, 2019, Swafford filed in state court a petition against

Graystar to annul the sheriff's sale. (Civil Action 19-12370, Rec. Doc 1-1, p. 32, State Court Proceedings). Then on August 29, 2019, Swafford removed to this Court both the pending proceedings in Civil District Court of New Orleans between Graystar and Swafford, (Rec. Doc 1, Swafford's Notice of Removal), and the pending proceedings in First City Court between JB 430 Holdings and Swafford. (Civil Action 19-12370, Rec. Doc 1, Swafford's Notice of Removal). These two separately removed federal suits were subsequently consolidated on September 10, 2019. (Rec. Doc 10, Order to Consolidate).

In response, Graystar filed a motion to remand on September 6, 2019, (Rec. Doc 6, Graystar's Motion to Remand), and JB 430 Holdings, acting on Perret's behalf, filed a motion to vacate the premises on September 11, 2019. (Rec. Doc 16, Motion to Vacate the Premises).

## II.     FEDERAL QUESTION JURISDICTION

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action as to which a federal district court would have original jurisdiction. The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, . . . which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Swafford's only possible ground for federal jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. Under that section, the Court has "original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded-complaint rule, "a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). A defendant cannot, by merely "injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987). Accordingly, "there is no federal [question] jurisdiction if the plaintiff properly pleads only a state law cause of action." *Elam*, 635 F.3d at 803 (internal quotations omitted). Although federal law might provide a defense to a state law cause of action, it does not create federal question jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Further, a defendant's federal counterclaims, like federal defenses, also may not serve as the basis for federal question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). For instance, the defendant in *Holmes Group* asserted a compulsory patent law counterclaim and argued that the well-pleaded-complaint rule would allow the counterclaim to serve as the basis for federal question jurisdiction. *Id.* at 828–30. The Supreme Court rejected the assertion, holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. The Supreme Court reasoned that "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832.

Here, Swafford made two counterclaims. Swafford's first counterclaim alleged that Graystar and JB 430 Holdings violated his civil rights under § 1983 during his eviction proceedings. (Rec. Doc 1, p. 11, Swafford's Notice of Removal). Next, Swafford made a second counterclaim against Graystar by filing a "Petition in Suit to Annul Sheriff Sale" during the original state court proceedings. (Civil Action 19-12370, Rec. Doc 1, p. 32, Swafford's Notice of Removal). Although Swafford argued that this petition created a new suit, it was merely a counterclaim within the original suit with Graystar for the promissory note. *Id.* This is evidenced by the fact that the original state court petition has the same caption and state court docket number as Swafford's petition to annual the sale. (Rec. Doc 2-1, p. 1, State Court Proceedings); (Civil Action 19-12370, Rec. Doc 1-1, p. 32, State Court Proceedings). Thus, Swafford's petition to annul the sheriff's sale was merely a counterclaim, and it does not create a separate and distinct suit.

Because Swafford's two counterclaims cannot serve as the basis for federal question jurisdiction, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331 for either Civil Case 19-12129 (Graystar v. Swafford) or Civil Case 19-12370 (JB 430 Holdings v. Swafford).

### III. ATTORNEYS' FEES AND COSTS

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorneys' fees under Section 1447(c) is in the sound discretion of the Court and should: "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Toward that end, the "mere determination that removal was improper" does

not automatically entitle a plaintiff to an award of fees. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012). Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 542.

Here, although Swafford's made meritless arguments for removal, this does not mean Graystar is entitled to an award of attorneys' fees. Further, Swafford's decision to remove the case was not objectively unreasonable based on the case's circumstances. Thus, the Court declines to grant Graystar's request for attorneys' fees and costs.

Accordingly;

**IT IS ORDERED** that Graystar's **Motion to Remand to State Court** (Rec. Doc 6) is **GRANTED** due to lack of subject matter jurisdiction pursuant to § 1447(d). The proceedings in Civil Case 19-12129 (Graystar v. Swafford) are hereby **REMANDED** to the Civil District Court of New Orleans. Similarly, the proceedings in Civil Case 19-12370 (JB 430 Holdings v. Swafford) are hereby **REMANDED** to the First City Court for the City of New Orleans.

**IT IS FURTHER ORDERED** that Graystar's request for attorneys' fees and costs (Rec. Doc. 6) is **DENIED**.

October 8, 2019

JAY C. ZAINEY  
UNITED STATES DISTRICT JUDGE